```
UNITED STATES BANKRUPTCY COURT          Firm #20-8104894
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In Re:                                  Chapter 7

NIRMAL BAL AND KULWINDER KAUR,
                    Debtors.            Case No.: 809-77207-REG
-----------------------------------------------------X
NIRMAL BAL AND KULWINDER KAUR,

                    Plaintiffs,         Adv. Pro. No.
    vs.

INTERNAL REVENUE SERVICE
AS AGENT FOR THE UNITED
STATES OF AMERICA,

                    Defendant.
-----------------------------------------------------X
```

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

NIRMAL BAL AND KULWINDER KAUR, the debtors/plaintiffs herein, by their attorneys, LESTER & ASSOCIATES, as and for their Complaint alleges:

1. The debtors/plaintiffs herein filed a petition for relief under 11 U.S.C. Chapter 7 on September 25, 2009.

2. This Court has jurisdiction herein pursuant to 28 U.S.C. 157, 1334, and 11 U.S.C. 523. This action is a core proceeding under 28 U.S.C. 157.

3. Venue of this action is properly laid in this Court under 28 U.S.C. 157.

4. 11 U.S.C. section 523(a)(1)(B)(ii) states that;

> *"A discharge under 727, 1141, 1228[a] 1228(b), or 1328(b) does not discharge an individual debtor from any debt... for a tax or custom duty... [if a return] was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition."*

5. In the case at bar, the plaintiff is attempting to discharge their taxes for 2001-2003. The returns and any extensions were filed well before the filing of this case. Upon information and belief, these returns were due, at the latest, to the Internal Revenue Service more than three (3) years prior to the filing of this case and were filed more than two years prior to the filing. As a matter of law, the tax debts of these debtors are dischargeable under 11 U.S.C section 523(a)(1)(B)(ii) (even when figuring in tolling periods).

6.  Plaintiff's Chapter 7 case was filed on September 25, 2009. In their schedules, the Plaintiffs listed a debt to the Internal Revenue Service (hereinafter "IRS") in the amount of $25,000.00 as priority (See Exhibit "A") as that is what debtors believed the debt to be.

7.  Based upon correspondence with the IRS, they allege that the debtor owes in excess of $19,996.85 for 2001 through 2003 (See Exhibit "B").

8.  The tax debt that Plaintiff claims is dischargeable was assessed as follows:

| Tax Year Ending | Date Return Filed | Date Tax Assessed |
| --- | --- | --- |
| 12/31/01 | 04/15/02 | 03/18/02 |
| 12/31/02 | 05/19/03 | 05/19/03 |
| 12/31/03 | 04/26/04 | 04/26/04 |

9.  The claim for taxes filed for the year of 2001 through 2003 are the ones that are dischargeable in Plaintiff's above entitled bankruptcy case by virtue of 11 U.S.C. 523(a)(1), in that;

(a) this income tax was for the tax years, to wit 2001 through 2003 in which the taxes were last due, including all extensions, more than three years before the filing of Plaintiff's bankruptcy case, and

(b) Upon information and belief, all tax returns for those years were actually filed by Plaintiffs more than two years before the filing of the bankruptcy case, and

(c) Plaintiffs are informed and believe that the taxes for those years were assessed more than 240 days before the filing of this bankruptcy case.

WHEREFORE, affirmants requests that:

The Court determine that the 2001 through 2003 tax debts owed by the debtors to IRS are fully dischargeable, and for such other and further relief as this court deems just and proper.


Dated: Garden City, New York
       November 18, 2009

s/ Roy J. Lester

ROY J. LESTER
LESTER & ASSOCIATES, PC
600 Old Country Road, Ste 229
Garden City, New York 11530
(516) 357-9191

EXHIBIT "A"

In re   Nirmal S. Bal,                                          Case No.    8-09-77207
        Kulwinder Kaur
        _____,
                                Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

   A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.
   The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).
   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)
   Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.
   Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.
   Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

            1    continuation sheets attached

In re Nirmal S. Bal,
Kulwinder Kaur

Case No. 8-09-77207

Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. IRS - Special Procedures 10 Metro Tech Center 625 Fulton Avenue Brooklyn, NY 11201 | | J | 2001-2006 Federal Tax Lien | | | | 25,000.00 | 0.00 | 25,000.00 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet 1 of 1 continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page) 25,000.00 | 0.00 25,000.00

Total
(Report on Summary of Schedules) 25,000.00 | 0.00 25,000.00

EXHIBIT "B"


# Internal Revenue Service
United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 05-29-2009
Response Date: 05-29-2009
Tracking Number: 100045041097

Account Transcript

FORM NUMBER: 1040          TAX PERIOD: Dec. 31, 2001

TAXPAYER IDENTIFICATION NUMBER:          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
SPOUSE TAXPAYER IDENTIFICATION NUMBER:   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*

NIRMAL S & KULWINDER BAL
40 MIDDLE LN
JERICHO, NY 11753-2236-406

001734

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:    6,162.00
ACCRUED INTEREST:   3,297.40       AS OF: May 25, 2009
ACCRUED PENALTY:    1,540.50       AS OF: May 25, 2009

ACCOUNT BALANCE
  PLUS ACCRUALS
  (this is not a
  payoff amount):   10,999.90

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:              05              FILING STATUS: Married Filing Joint
ADJUSTED GROSS
  INCOME:                41,848.00
TAXABLE INCOME:          0.00
  TAX PER RETURN:        6,362.00
SE TAXABLE INCOME
  TAXPAYER:              41,584.00
SE TAXABLE INCOME
  SPOUSE:                0.00
TOTAL SELF
  EMPLOYMENT TAX:        6,362.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)  Apr. 15, 2002
PROCESSING DATE                                               Mar. 18, 2002

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed 19221-047-23903-2 | 20021008 | 03-18-2002 | $6,362.00 |
| 610 | Payment with return | | 02-08-2002 | -$100.00 |
| 610 | Payment with return | | 02-13-2002 | -$100.00 |
| 971 | Tax period blocked from automated levy program | | 07-08-2002 | $0.00 |
| 971 | Installment agreement established | | 11-12-2002 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 06-02-2003 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 05-16-2003 | $0.00 |
| 971 | No longer in installment agreement | | 05-19-2003 | $0.00 |

Tracking Number: 100045041097

| | status | | |
|---|---|---|---|
| 582 | Lien placed on assets due to balance owed | 01-02-2004 | $0.00 |
| 971 | Installment agreement established | 12-29-2003 | $0.00 |
| 971 | Tax period blocked from automated levy program | 09-20-2004 | $0.00 |
| 971 | No longer in installment agreement status | 09-06-2004 | $0.00 |
| 971 | Installment agreement established | 09-17-2004 | $0.00 |
| 971 | Tax period blocked from automated levy program | 04-10-2006 | $0.00 |
| 971 | No longer in installment agreement status | 03-27-2006 | $0.00 |
| 971 | Installment agreement established | 05-08-2006 | $0.00 |
| 971 | Tax period blocked from automated levy program | 03-05-2007 | $0.00 |
| 971 | No longer in installment agreement status | 02-19-2007 | $0.00 |
| 971 | Installment agreement established | 08-11-2008 | $0.00 |

**This Product Contains Sensitive Taxpayer Data**



# Internal Revenue Service
United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 05-29-2009
Response Date: 05-29-2009
Tracking Number: 100045041096

Account Transcript

FORM NUMBER: 1040        TAX PERIOD: Dec. 31, 2002

TAXPAYER IDENTIFICATION NUMBER:        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
SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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*

NIRMAL S & KULWINDER BAL
40 MIDDLE LN
JERICHO, NY 11753-2236-406

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

```
ACCOUNT BALANCE:       1,323.13
ACCRUED INTEREST:        586.34    AS OF: May 25, 2009
ACCRUED PENALTY:         312.96    AS OF: May 25, 2009

ACCOUNT BALANCE
   PLUS ACCRUALS
   (this is not a
   payoff amount):     2,222.43
```

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

```
EXEMPTIONS:               05        FILING STATUS: Married Filing Joint
ADJUSTED GROSS
   INCOME:             8,580.00
TAXABLE INCOME:            0.00
   TAX PER RETURN:     1,304.00
SE TAXABLE INCOME
   TAXPAYER:           8,525.00
SE TAXABLE INCOME
   SPOUSE:                 0.00
TOTAL SELF
   EMPLOYMENT TAX:     1,304.00
```

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)   Apr. 15, 2003
PROCESSING DATE                                                May  19, 2003

## TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed 19221-109-34417-3 | 20031908 | 05-19-2003 | $1,304.00 |
| 276 | Penalty for late payment of tax | 20031908 | 05-19-2003 | $13.04 |
| 196 | Interest charged for late payment | 20031908 | 05-19-2003 | $6.09 |
| 971 | Tax period blocked from automated levy program | | 08-11-2003 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 01-02-2004 | $0.00 |
| 971 | Installment agreement established | | 12-29-2003 | $0.00 |
| 420 | Examination of tax return | | 04-22-2004 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 09-20-2004 | $0.00 |

Tracking Number: 100045041096

| | | | |
|---|---|---|---|
| 971 | No longer in installment agreement status | 09-06-2004 | $0.00 |
| 971 | Installment agreement established | 09-17-2004 | $0.00 |
| 421 | Closed examination of tax return | 10-25-2004 | $0.00 |
| 971 | Tax period blocked from automated levy program | 04-10-2006 | $0.00 |
| 971 | No longer in installment agreement status | 03-27-2006 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | 05-06-2006 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | 05-16-2006 | $0.00 |
| 971 | Installment agreement established | 05-08-2006 | $0.00 |
| 971 | Tax period blocked from automated levy program | 03-05-2007 | $0.00 |
| 971 | No longer in installment agreement status | 02-19-2007 | $0.00 |
| 971 | Installment agreement established | 08-11-2008 | $0.00 |

This Product Contains Sensitive Taxpayer Data


# Internal Revenue Service
United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 05-29-2009
Response Date: 05-29-2009
Tracking Number: 100045041100

Account Transcript

FORM NUMBER: 1040          TAX PERIOD: Dec. 31, 2003

TAXPAYER IDENTIFICATION NUMBER:         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
SPOUSE TAXPAYER IDENTIFICATION NUMBER:  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*

NIRMAL S & KULWINDER BAL
40 MIDDLE LN
JERICHO, NY 11753-2236-406

001732

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:    4,535.55
ACCRUED INTEREST:   1,746.77    AS OF: May 25, 2009
ACCRUED PENALTY:      492.20    AS OF: May 25, 2009

ACCOUNT BALANCE
  PLUS ACCRUALS
  (this is not a
  payoff amount):   6,774.52

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:         04              FILING STATUS: Married Filing Joint
ADJUSTED GROSS
  INCOME:           32,724.00
TAXABLE INCOME:     11,024.00
  TAX PER RETURN:    1,848.00
SE TAXABLE INCOME
  TAXPAYER:         19,549.00
SE TAXABLE INCOME
  SPOUSE:               0.00
TOTAL SELF
  EMPLOYMENT TAX:    2,991.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)  Apr. 15, 2004
PROCESSING DATE                                               Apr. 26, 2004

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed 08221-089-27882-4 | 20041508 | 04-26-2004 | $1,848.00 |
| 806 | W-2 or 1099 withholding | | 04-15-2004 | -$19.54 |
| 276 | Penalty for late payment of tax | 20041508 | 04-26-2004 | $9.14 |
| 196 | Interest charged for late payment | 20041508 | 04-26-2004 | $2.75 |
| 971 | Installment agreement established | | 12-29-2003 | $0.00 |
| 420 | Examination of tax return | | 06-24-2004 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 09-20-2004 | $0.00 |
| 971 | No longer in installment agreement status | | 09-06-2004 | $0.00 |

Tracking Number: 100045041100

| | | | | |
|---|---|---|---|---|
| 971 | Installment agreement established | | 09-17-2004 | $0.00 |
| 560 | IRS can assess tax until | | 02-17-2006 | $0.00 |
| 240 | Miscellaneous penalty<br>IRC 6662(c), (d), (e), (f), (g), or (h) Accuracy-Related Penalty<br>49247-469-00367-6 | 20061208 | 04-03-2006 | $449.20 |
| 300 | Additional tax assessed by examination<br>49247-469-00367-6 | 20061208 | 04-03-2006 | $2,246.00 |
| 421 | Closed examination of tax return | | 04-03-2006 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 05-22-2006 | $0.00 |
| 971 | No longer in installment agreement status | | 05-08-2006 | $0.00 |
| 971 | Installment agreement established | | 05-08-2006 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 03-05-2007 | $0.00 |
| 971 | No longer in installment agreement status | | 02-19-2007 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 07-31-2008 | $0.00 |
| 971 | Installment agreement established | | 08-11-2008 | $0.00 |

This Product Contains Sensitive Taxpayer Data

| UNITED STATES BANKRUPTCY COURT | Case No. 809-77207-REG |
| EASTERN DISTRICT OF NEW YORK | Chapter 7 |

In Re:

## NIRMAL BAL AND KULWINDER KAUR,

Debtors.

## COMPLAINT

**LESTER & ASSOCIATES, P.C.**
**Attorney(s) for Debtor(s)**
**600 OLD COUNTRY ROAD**
**SUITE 229**
**GARDEN CITY, NY 11530**
**(516) 357-9191**

To
Attorney(s) for

Service of a copy of the within
                   is hereby
admitted.
Dated,

Attorney(s) for

_____

    Sir: Please take notice
  NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on        20
  NOTICE OF SETTLEMENT
that an order
     of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within named Court, at     on the     day of     20
at                                                 Dated,